UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LYON FINANCIAL SERVICES, INC, | CIVIL NO. 00-2799 (DSD/JMM)

Plaintiff,

v.

ORDER

ASSOCIATED ORTHOPAEDIC SPECIALISTS, P.S.,

Defendant.

The above matter came on for hearing before the undersigned on April 23, 2001 upon Defendant's Motion to Dismiss or Transfer [Docket No. 2]. John Docken, Esq. appeared on behalf of Plaintiff; Patrick Summers, Esq. appeared on behalf of Defendant.

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss or Transfer [Docket No. 2] is granted. The case shall be transferred to the United States District Court for the Eastern District of Washington.

Dated: May 1, 2001

JOHN M. MASON
United States Magistrate Judge

**MEMORANDUM**

Defendant moves the Court for an Order dismissing the Complaint in this action on the basis of lack of personal jurisdiction or improper venue. In the alternative, Defendant requests that the Court transfer the case to the United States District Court for

FILED MAY 01 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

the Eastern District of Washington pursuant to 28 U.S.C. §1404. Since Defendant's Motion to Dismiss is based on the fact that the case is venued in Minnesota, the Court's decision that transfer to a Washington court is warranted renders the Motion to Dismiss moot.

Defendant, a Washington corporation, entered a contract to purchase or lease a Magnetic Resonance Imaging machine (an "MRI") from Lunar Corporation, a Wisconsin Corporation, in 1999. The contract contained the following provision at Paragraph 19:

> You acknowledge and agree that this Agreement constitutes the entire agreement between us. You further acknowledge and agree that this Agreement shall be governed by the laws of the state of Wisconsin, or the laws of the home state of LUNAR's assignee. Provided, however, in the event this Agreement or any provision cannot be enforced under the laws of the state of Wisconsin, then the laws of the state where the Equipment is located shall govern. You further expressly consent to the jurisdiction of any state or federal court in the state of Wisconsin or in the home state of Lunar's assignee, and waive the right to object on the basis of Forum conveniens.

Prior to the initiation of this lawsuit, Lunar assigned its rights under the contract to Plaintiff, a Minnesota corporation. Plaintiff argues that this case is properly brought in this Court because Defendant consented to jurisdiction in the courts of Lunar's (then unnamed) assignee by signing the contract containing Paragraph 19. Defendant argues that the forum selection clause in Paragraph 19 is not enforceable.

**<u>Discussion</u>**

Title 28 U.S.C. §1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

A motion for transfer of venue under 28 U.S.C. §1404(a), which seeks transfer from one federal court to a different federal court, is a non-dispositive motion, properly ruled upon by a Magistrate Judge. Adams v. Key Tronic Corp., 1997 WL 1864 (S.D.N.Y. Jan 2, 1997); McEvily v. Sunbeam-Oster Co., Inc., 878 F. Supp. 337, 340 (D.R.I. 1994). Cases finding that a motion to remand to state court is a dispositive motion are distinguishable, because when a motion to transfer is granted, the parties retain the ability to have their case heard in federal court. See First Union Mortgage Corp. v. Smith, 229 F.3d 992 (10th Cir. 2000)(remand order dispositive because it banishes parties from federal court); In re U.S. Healthcare, 159 F.3d 142, 145 (3d Cir. 1998)("An order of remand simply cannot be characterized as nondispositive as it preclusively determines the important point that there will not be a federal forum available to entertain a particular dispute.").

The existence of a forum selection clause is one factor the Court should consider when deciding whether to change venue under §1404(a). Nelson v. Master Lease Corp., 759 F. Supp. 1397, 1399 (D. Minn. 1991)(citing Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22 (1988)). However, the existence of a forum selection clause does not end the analysis. Nelson, 759 F. Supp. at 1399 (citing Stewart). "The District Court also must weigh in the balance the convenience of the witnesses and those public interest factors of systemic integrity and fairness that, in addition to private concerns, come under the heading of 'the interest of justice.'" Stewart, 487 U.S. at 30. The decision of whether an action should be transferred is to be made on a case-by-case basis. Terra Int'l, Inc. v. Mississippi Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997)(citations omitted).

With respect to the forum selection clause in this case, the blanket consent to jurisdiction was contained in boilerplate language on the back of Lunar's standard lease

agreement. The clause did not specify a jurisdiction, but purported to allow suit against Defendant in any of the United States. The forum selection clause was not a negotiated term, but one of many conditions of delivery of the MRI by Lunar. While these factors may or may not be sufficient to meet the definition of an adhesion contract under Minnesota law[1], they lead the Court to conclude that the forum selection clause is not entitled to great weight in the §1404(a) analysis.

Neither Defendant nor Lunar, the original parties to the contract at issue, are citizens of Minnesota. This case is at a very early stage, so the identities of the witnesses have not been firmly established. However, it appears that a crucial issue in this case will be the interpretation of the seemingly-ambiguous contract between the parties. The persons with the most knowledge on this subject will be the persons who negotiated the contract: Edward Webster, a Washington resident, and Milt Haycock, a California resident. The only person or company involved in this case who would not be inconvenienced if the case were tried in Minnesota is Plaintiff. On the other hand, if the case is tried in Washington, it will be much more convenient for Defendant and at least two key witnesses. This element weighs heavily in favor of transfer. See, e.g., Aramburu v. Boeing Co., 896 F. Supp. 1063 (D. Kan. 1995)(transfer granted to district where majority of witnesses reside); Fontana v. E.A.R., 849 F. Supp. 212 (S.D.N.Y. 1994)(granting transfer, explaining that convenience of witnesses is ordinarily most important factor in §1404(a) analysis); Jim Crockett Promotions, Inc. v. Action Media Group, Inc., 751 F. Supp. 93 (W.D.N.C. 1990)(granting transfer where numerous documents and witnesses essential

---

[1] See, e.g., Schlobohm v. Spa Petite, Inc., 326 N.W.2d 920 (Minn. 1982).

to the case are located in transferee district).

Having considered the pertinent factors, the Court finds that a change of venue to the Eastern District of Washington pursuant to 28 U.S.C. §1404(a) is appropriate. Allowing the case to be transferred, rather than dismissing the case and forcing Plaintiff to re-file in Washington, is more consistent with the interests of justice and the goal of judicial economy.

J.M.M.